## ALEXANDER PORTER *vs.* GEORGE BELTZHOOVER.

In assumpsit on a special contract, with common counts, the plaintiff may recover on the quantum meruit if he fail to prove the special contract.

But if he prove a different contract, he will fail altogether.

A witness who does not reside in the state, but being here, may be examined on a commission, de bene esse, as a *going* witness.

Depositions taken without a commission actually issued sustained, it appearing that the commission had been ordered by the court, and that the commissioner had been appointed by the court under circumstances requiring despatch.

The certificate of execution of a commission must show that the depositions were taken by the commissioner.

FOREIGN attachment case. Special bail entered and attachment dissolved. Narr. in assumpsit on a special contract for carrying the mail, and also with a quantum meruit count. Pleas, non-assumpsit, payment, &c.

Depositions taken on a commission issued to John Gordon Esq., were offered in evidence and objected to, for want of a proper certificate of execution. The caption was: " Depositions of witnesses taken *at the office of John Gordon ;*" and there was the usual attestation of " Sworn and subscribed before me, John Gordon, Com'r. 2d Dec. 1837."

*Per Curiam.*—The certificate is insufficient. It shows no more than that the witnesses were sworn, and subscribed their names before the commissioner, and that the depositions were taken at his office. This is well enough so far as it goes, but it does not go far enough. It does not show that the depositions were taken *by* the commissioner. The commissioner is the person to conduct the examination, put the questions to the witnesses, and *take* their depositions. We do not say that he may not employ a clerk, but the com-

missioner must be present and see personally that the answers are correctly taken down.

We would not then admit these depositions on this certificate but the commissioner may be called to correct it. Mr. Gordon was accordingly sworn, and proved that the depositions were taken *by* and *before* him, in the usual form.

The plaintiff's counsel still objected that the depositions were taken without authority. The certificate shows that they were taken on the 2d December, 1837, and the commission was issued, and bears date, December 7th, 1837.

But it appeared that this cause was called for trial on the 1st December, 1837. The defendant was attending with his witnesses from Baltimore, and the plaintiff applied for a continuance of the cause on the ground of his counsel's sickness. The continuance was opposed until it was agreed that these witnesses should be examined before the defendant's commissioner, Mr. Gordon, on short notice of interrogatories. The defendant drew up his interrogatories and handed them to the plaintiff's counsel, who indorsed the crosses, and they were handed at once to Mr. Gordon without being filed, and he proceeded on the 2d to take depositions, without waiting for the commission to be actually issued; which was not done, nor the rule for it entered on the docket, until the 7th of December.

*By the Court.*—Undoubtedly depositions taken without the express authority of the court to the commissioner to take them, would be void. But what is the authority? The commission is evidence of it, but not the only evidence. The commission is issued to inform the commissioner of his authority; not to inform the court. The court may, and often has ordered depositions to be taken by the clerk without commission. If we know that we directed depositions to be taken by an individual, whom we appointed a commissioner for that purpose, can we deny the authority which we conferred on him, because we did not furnish him with the usual evidence of it; to wit, a commission?

The plaintiff's counsel revived this question on the argument in chief, and took these positions. 1st. The court cannot take notice of the fact that they ordered these depositions to be taken by Mr. Gordon on the 1st of December, because it contradicts the record, which shows that the rule commission was not asked for until the 7th. 2d. The court have not the power to give a verbal authority to take depositions; the commission is the only mode in which they can give the authority. 3d. The oath administered by Mr. Gordon to the witnesses was without authority, and the witnesses could not

be indicted for perjury, in case they swore falsely; for the record shows that Gordon's authority, as commissioner, was subsequent to the swearing.

*Per Curiam.*

*Chief Justice,* J. M. CLAYTON :—The objection rests on the ground that this court cannot authorize a commissioner to take depositions, nor confer on him the authority to administer oaths to witnesses, except by a regular commission, or at least by an entry on the docket of the court. This is erroneous. The power of the court to take written evidence is conferred by the constitution. Sec. 7, art. 6, gives power to the court " of directing the examination of witnesses that are aged, very infirm, or going out of the state, upon interrogatories de bene esse, to be read in evidence in case of the death or departure of the witnesses before the trial, or inability by reason of age, sickness, bodily infirmity or imprisonment, then to attend; and also the power of obtaining evidence from places not within the state." The constitution says nothing about commissions, or restricting the execution of this power to a written authority. The court may *direct* the examination of witnesses that are going out of the state, upon interrogatories de bene esse. This is precisely what we did in this case. On continuing this cause at the instance of the plaintiff and on account of the indisposition of his counsel, that this act of the court might not operate unjustly on the defendant, who was attending with his witnesses from Baltimore, we directed Mr. Gordon to examine those witnesses, who were going out of the state, on interrogatories de bene esse. He proceeded to discharge this duty, but the clerk did not make the entry or issue the commission as evidence of his authority, until after the depositions were in fact taken. But had not John Gordon authority to do this act before the commission issued? Is it the act of the clerk that gives the authority, or the appointment of the court? Certainly the latter; and we would now direct the commission to be dated tunc pro nunc in conformity with the fact, if that were necessary. Then did the appointment confer on Mr. Gordon the authority to administer an oath, without the issuing a commission? Unquestionably this court has the power in open session, to authorize another to administer oaths; but as the commissioner lawfully appointed by this court, he had the power to swear the witnesses examined before him. And in what respect were these oaths extrajudicial? They were taken in the course of a cause depending in this court, by order of the court, on interrogatories prepared by both parties, and by a person appointed by the court. Shall we, under these circumstances, allow the great injustice of ruling out these depositions, because the evidence of Mr.

Gordon's appointment was not made out in due time. We place the decision not on the ground that counsel agreed to the taking these depositions without issuing the commission, but on the ground that the depositions were taken under the orders of the court; which gave sufficient authority to the commissioner to take them, without the issuing a commission. The counsel agreed to waive the usual notice of interrogatories, and this is the only matter of consent which was necessary to make these depositions evidence.

Depositions admitted.

The defendant's counsel now offered in evidence the deposition of a witness residing out of the state, taken on a commission directed to Andrew C. Gray, Esq. of New Castle. Objected to.

*J. A. Bayard.*—This is not a commission de bene esse, and the court has no authority to issue a general commission to a commissioner resident here, to take depositions of witnesses. No commission can issue to a citizen of the state other than a commission de bene esse.

*R. H. Bayard* and *Wales.*—The court has power to issue commissions de bene esse to take the testimony of old or going witnesses, and power to issue a general commission to take depositions of witnesses residing abroad; and such may be issued either to a foreign commissioner or to one residing in the state, if the foreign witness can be brought before him.

*J. A. Bayard.*—At common law depositions could be taken only by bill in equity. Our constitution has conferred the power of issuing commissions here to take depositions de bene esse, or to get evidence from abroad by issuing a general commission to a person residing abroad. It is to issue a commission general which must be out of the state; or de bene esse, which must be to a person within the state. This has been the universal construction under the constitution. No general commission ever issued to a person residing in the state.

*Per Curiam.*—The question has not arisen before. The record shows that Andrew C. Gray was appointed a commissioner to take depositions de bene esse. The commission issued is general. The witness examined was a non-resident, brought into the state for the purpose, and who departed from and is proved to be out of the state now. The question then is, does the constitution require that the witness should be a resident of the state, to be examined under a de bene esse commission. We think neither the terms nor intent of the constitution are to be so restricted. It is to take the testimony of going witnesses. If, therefore, a foreigner is brought into the state,

he may be examined de bene esse, provided he is going, and does go out before the trial.

It is true, that the commission which issued in this case is general in its terms, and assumes to confer more power than the court could confer; or than, as appears from the record entry, they intended to confer; yet the execution of it was not general but restricted, and on the principle that omne magis in se minus continet, it is good to that extent. It is, in truth, nothing more than a commission de bene esse, though in its terms, general. We add, that for the purpose of procuring a proper execution of commissions, a commissioner appointed from among our citizens, residing here, would be safer than one out of the state, and unknown to the court.

Deposition admitted.

The cause was argued before the jury by *Wm. H. Rogers* and *J. A. Bayard*, for plaintiff; and by *R. H. Bayard* and *Wales*, for defendant.

On the law of the case generally the court charged, that when a special contract is declared on, and plaintiff proves a special contract, different from the one declared on, he cannot recover; but if he declares on a special contract and does not prove it, he cannot recover on it, but he may recover on the quantum meruit count. As in the case of a carpenter building a house under a contract, but not according to the contract. He cannot recover under the contract, because he has not performed it; but he can recover on the quantum meruit, or he could not recover at all.

Verdict for plaintiff.